IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESSICA KAYE-CURLEY ROGERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-859-L** |
| | § | |
| **TARRANT COUNTY COLLEGE** | § | |
| **DISTRICT,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Tarrant County College District's ("Defendant") Motion to Dismiss or in the Alternative Motion for More Definitive Statement ("Motion") (Doc. 7), filed May 3, 2024. Although the court would normally wait to make a determination until after Plaintiff Jessica Kaye-Curley Rogers ("Plaintiff") has had an opportunity to respond, it has reviewed the Motion and determines that a response from Plaintiff would be futile. Instead, for the reasons stated herein, the court **grants** Defendant's Motion and **orders** Plaintiff to file an Amended Complaint **on or before June 13, 2024**.

## I.    Background

On April 8, 2024, Plaintiff filed her Complaint (Doc. 1) alleging:

The Plaintiff, initially hired at [Defendant] as a Project Planning Director, was terminated on the basis of her religious beliefs, racial identity, and retaliation for affirming her religious beliefs and racial identities. The EEOC has performed a preliminary investigation and issued Plaintiff a Right to Sue Determination. After asserting her qualifications for a position with higher pay, Plaintiff, who had been delegated duties and responsibilities for multiple jobs beyond her own, was fired on March 27, 2023 under the pretext of creating a hostile work [environment] and with insufficient evidence Plaintiff seeks monetary damages for the salary she would have received had there been no discrimination or retaliation by TCCD. This amounts to north of $1,848,934.00. Additionally, due to the nature of the

**Memorandum Opinion and Order – Page 1**

discrimination and retaliation against Plaintiff, Plaintiff seeks compensatory punitive damages north of $1,500,000.00.

Doc. 1 at 4-5. Plaintiff also asserts that the court has federal question jurisdiction over this civil action pursuant to: "42 U.S. Code § 1981; 42 U.S. Code § 1983; 42 U.S. Code § 1985; Title VII Civil Rights Act 1964, 42 U.S. Code § 2000; 5th and 14th U.S. Constitutional Amendments." *Id.* at 1. On May 3, 2024, Defendant filed its Motion arguing that Plaintiff's Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7.

## II.    Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit,* 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content

**Memorandum Opinion and Order – Page 2**

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court

**Memorandum Opinion and Order – Page 3**

in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."' *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Analysis

Defendant argues that Plaintiff fails to state a claim upon which relief can be granted or cite a statute or regulation that it is alleged to have violated. Doc. 7 at 2. Specifically, Defendant argues:

> Plaintiff does not provide any fact to support her allegations of discrimination on the basis of her religion or race. Plaintiff even fails to identify her race or religion. Indeed, Plaintiff wholly fails to allege that she is a member of a protected class, was qualified for the position at issue, and [Defendant] treated similarly situated employees outside of the protected class more favorably. Likewise, Plaintiff fails to provide any factual basis to support her retaliation claim. There is no allegation regarding the person(s) involved, the date, time, or factual allegations to support Plaintiff's claims. Most importantly, Plaintiff fails to specify what statutes or theories of law under which she is purportedly pursuing her claims.

*Id.* The court agrees. Upon review of Plaintiff's Complaint, the court finds that it does not even meet the standard of Rule 8, let alone Rule 12(b)(6). Plaintiff merely provides conclusory allegations instead of any facts to support her claims. Although Plaintiff lists various federal statutes and constitutional amendments to support her assertion that the court has subject-matter jurisdiction over this matter, it is unclear whether she is alleging that Defendant violated each of them. Therefore, in violation of Rule 8, Plaintiff's Complaint does not give Defendant fair notice of what her claims are and the grounds upon which they rest. *Leatherman*, 507 U.S. at 168. Further, in violation of Rule 12(b)(6), she fails to provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. Accordingly, Defendant's Motion is **granted**.

## IV.    Conclusion

For the reasons stated herein, the court finds that Plaintiff's Complaint fails to satisfy the pleadings requirements outlined in Rule 8 and 12(b)(6). Therefore, the court **grants** Defendant's Motion, and **orders** Plaintiff to file an Amended Complaint **on or before June 13, 2024** to correct

the deficiencies set forth by the court. Failure to do so by that date will result in dismissal of this action with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

**It is so ordered** this 16th day of May, 2024.

Sam A. Lindsay
United States District Judge