IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JESSICA ROGERS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-859-L** |
| § | |
| **TARRANT COUNTY COLLEGE** § | |
| **DISTRICT,** § | |
| § | |
| Defendant. § | |

## ORDER

On July 3, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 36) was entered, recommending that the court grant in part and deny in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 25), pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss with prejudice all claims[1] by Plaintiff, except for her "Title VII disparate-treatment claim that she was terminated in March 2023 because of her protected status on the basis of her religion." Report 23. The magistrate judge further recommends that the court grant the Motion to Strike (Doc. 32) Plaintiff's Surreply to Defendant's Motion to Dismiss.[2] No objections to the Report were filed, and the deadline for doing so has expired.

---

[1] In her Second Amended Complaint, Plaintiff asserts claims against Defendant, her former employer, "for discrimination and retaliation based on race, in violation of 42 U.S.C. § 1981, and . . . retaliation and wrongful termination (based on religious and racial discrimination), in violation of Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964." Report 1. Plaintiff also asserts claims for "Section 1983 Governmental Liability" and breach of contract, and the magistrate judge notes that it appears that she "may continue to assert claims against [Defendant] for intentional infliction of emotional distress ("IIED") and defamation" in her Second Amended Complaint, but any such claims fail even assuming they are still asserted by Plaintiff. *See id.* at 1, 6, 8, 9.

[2] No response to the Motion to Strike was filed by Plaintiff.

**Order – Page 1**

Having considered Defendant's Motion to Dismiss, Defendant's Motion to Strike, the parties' briefs, the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.

While Plaintiff's response (Doc. 29) to Defendant's Motion to Dismiss includes a conclusory request to amend her pleadings in the event that the court identifies any deficiencies in her Second Amended Complaint, she does not explain how she would amend her pleadings. She instead maintains in her response that her claims are adequately pleaded. *See U.S. ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003) ("A formal motion [to amend] is not always required, *so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought. . . . "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a).*") (emphasis added and citations omitted). Plaintiff, who is represented by competent counsel, also had an opportunity to explain how she would cure the deficiencies identified by the magistrate judge, but, as noted, she opted not to file any objections or response to the Report; and those objections have been waived, except for plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (footnotes and citations omitted).

For these reasons and because Plaintiff was previously given an opportunity to amend her pleadings after Defendant moved for dismissal the first time, the court determines that she has pleaded her best case with respect to all claims for which the magistrate judge recommended dismissal, and further amendment would be futile and unnecessarily delay the resolution of this

litigation and Plaintiff's remaining Title VII claim.  The court, therefore, **denies** Plaintiff's request to further amend her pleadings.[3]

Accordingly, the court **grants** Defendant's Motion to Strike (Doc. 32); **strikes** Plaintiff's surreply (Doc. 31); and **grants in part and denies in part** Defendant's Motion to Dismiss (Doc. 25).  The Motion to Dismiss is **granted** with respect to all claims by Plaintiff in this action, except for her "Title VII disparate-treatment claim that she was terminated in March 2023 because of her protected status on the basis of her religion," and all claims by Plaintiff, except for her religious discrimination claim, are **dismissed with prejudice**. Report 23. The Motion to Dismiss is otherwise **denied**.

**It is so ordered** this 11th day of September, 2025.

Sam A. Lindsay
United States District Judge

---

[3] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Consideration of these factors weighs in favor of not allowing Plaintiff to amend her pleadings given the lack of any explanation by her as to how she would cure the pleading deficiencies identified in Defendant's Motion to Dismiss and the Report. *See U.S. ex rel. Willard*, 336 F.3d at 387 (concluding that district court did not abuse its discretion in not allowing the plaintiff to further amend his pleadings because he failed to expressly request with particularity the opportunity to amend and did not provide any indication as to how he would amend his pleadings if given another chance to do so).

**Order – Page 3**

**Order – Page 4**